The next case on the calendar is United States v. Simpson. Good morning. May it please the court. Norman Tribulus for Mr. Simpson, the appellant. This case should be remanded to Judge Johnson because in listing the reasons, the things that he considered in determining to deny a motion for a sentence reduction, he included an impermissible factor, and that factor he referred to as five levels of reduction. And of those five levels of reduction in the original guideline calculation, four levels simply represented a correction of an error. But didn't he actually adhere to his sentence rather than reduce it, even though he acknowledged that he could reduce it, because of the disciplinary record of the defendant? He certainly cited that, Your Honor. And if he had cited only that, I don't think we'd be here. But that isn't the only thing he cited. He cited several factors. And I think when you've got a situation where somebody cites factors that are permissible, as well as factors that are impermissible, and you can't tell from the decision whether the decision would have been the same had he only relied on the permissible factors, you have to send it back. And I think the cases that say that are cited in my brief, United States v. Bennett and United States v. Payson. Bennett saying you send it back if it's an impermissible factor is cited, and Payson creating the exception that if you can tell that it would have been the same otherwise. And there's nothing in that decision that says it would have been the same otherwise. And in fact, Your Honor, the fact that he talks about the five levels, the fact that he refers to the five levels of reduction, and then later talks about the reductions, there's a reason why it's in there. You're really focused on one, two, three, five words, considering the reductions already granted. Otherwise, the focus is on the disciplinary infractions, and that was the focus also at the motion proceeding where the defendant participated by telephone. The focus is almost entirely on the disciplinary record. Well, yes, Your Honor, the hearing and the paperwork talked about the disciplinary factors because nobody had ever raised before that, including Judge Johnson at the hearing, the fact that there had been a reduction from the guideline calculation. It never, frankly, occurred to me when I was there that a judge would consider the fact after correcting an error in the probation report as a basis to deny, as one basis to deny a sentencing reduction. And it's true that the judge spent considerable attention on these disciplinary infractions, which, by the way, were rather minor disciplinary infractions. I'm not saying it would be an abuse of discretion to consider them or to deny the reduction on it. But when you've got minor things, taking milk or a bagel back to your living quarters when you're not supposed to and having some disputes with, and it's a lengthy record, but it's nothing that jeopardizes the security, nothing about contraband, no fighting, no violence. Mr. Travis, you just said that even though they're relatively minor, if that's all there was here, if the only thing Judge Johnson said was I'm not going to give him a reduction because of his bad adjustment to incarceration based on these infractions, you wouldn't be here. Are we right? I don't think I would be because . . . So don't even start on that. I mean, the judge did use the word reductions twice, right? He reduced . . . just following up on Judge Livingston's question, considering the reductions already granted. But he also said at sentencing the court applied a total offense level of 32, reducing by five levels, blah, blah, blah. So the word reducing or reductions actually comes up twice in this three-page decision. That's correct, Your Honor. I have a question for you. It appears to me anyway that the argument was in September of 2015. I think that's what the date was. But the decision was not issued until March of 2016. Did something happen in between? Is there more to this or not? Well, Your Honor . . . I'm not saying there is, but it just seems like a long time for nothing to happen. Well, Your Honor, there's also . . . it is a long time, and there was also a 2255 petition on which I had been appointed and on which the judge had been taking quite a bit of time to decide and which, in fact, was denied around the same time as this decision and in which eventually the judge denied a certificate of appealability. And I obtained one from this court, and that appeal is now pending. I've submitted my brief. The government has yet to respond. And there is some history here, Your Honor, about this, because Judge Johnson referred in one of these things. You'll see this very brief reference to a hunger strike. He asked Mr. Simpson about a hunger strike. And what had been going on, what I understand had happened, and it's not in the record, but just so you know. Maybe it can be found in the record at some point in some of the other pro se documents that are part of the record. The 2255 case was filed in 2012, and it wasn't decided until 2016. Again, I was appointed, I think, in 2015, and before that he was pro se. But he went on a hunger strike at one point before I was involved saying that he wasn't going to eat until the judge decided the 2255. So I cannot tell you that that was what was going on, but I think that's there. It is unusual. It did take a long time. And I don't know. Reductions. Didn't the judge reduce the role enhancement from three points to two points? He did. Didn't the judge also sentence at 135 months, which was a reduction from the top end of the range? It wasn't the top of the range. Couldn't the judge have been referring to those items when he said given the reductions already granted? I think he was referring to the one level reduction in the role. That was true. And that reduction in candor was in the defendant's favor erroneously. It shouldn't have been granted. That reduction . . . That was what figured into his calculation. It did. It seems to have configured into it, Your Honor. And the sentence that he imposed of 135 months was in the middle of the guidelines. And had he not given that one level, it would have been still within the guideline. It would have been at the bottom of the guidelines without that one level. So he actually gave a sentence that would have been consistent with or without, within the guidelines, whether or not he gave the level. With regard to saying that . . . In terms of figuring out the adjusted base offense level, it was reduced by one level by the judge based upon the finding that he made about role enhancement. It was one level for role and four levels because of the error in drug quantity. And with regard to the other point, I don't think he was referring to reducing it from the top of the guidelines because there's no reference to that. When he talks about reductions, he's talking about the five levels. And if he did mean that, that would be another error, Your Honor. There are three options here. One is to affirm. The other is to send it back for resentencing. And the third would be to send it back on what we would call a Jacobson remand in which we ask the judge whether this made a difference. And if so, if he says yes, then you can resentence. If not, then that ends it. And that's just done without . . . It's just a remand to the district court. It doesn't reopen the case. It doesn't vacate the sentence or anything of that sort. Do you have any comments on those three options? I think . . . Apart from the fact that we shouldn't affirm. Well, I think the Jacobson remand is actually the proper course to take. And then, of course, if it did make a difference, then I think he should decide the motion without considering the improper factor. If I understand the difference between a straight remand and a Jacobson remand, however, whatever the procedural thing, the first question is he has to decide whether it would have made a difference. We don't lose jurisdiction. We're just basically asking the district court. And then he can signal it, and that would trigger a remand to the district court. It isn't a remand. It's a Jacobson remand. It's a limited remand just for the purpose of this. It doesn't entail . . . Nothing else can be done except answer our question. I think that would be fine. I think it would be a question of how the court wanted to proceed. That would be consistent with what I'm asking. I'm not sure that it's the right answer here, but it's an option. Thank you. May it please the Court. My name is Caitlin Farrell. I'm an assistant United States attorney in the Eastern District of New York, representing the appellee of the government in this case. As an initial matter, Your Honors, I have a pending application for admission to the Second Circuit, and I've also filed a notice of appearance. But for the purposes of this appearance, I'm requesting admission, ProHop Vijay. Yes, I received your papers that you had moved to be admitted, and your application is granted. Thank you, Your Honors. The district court did not commit error in declining to reduce the sentence of the defendant in this case. As Your Honors have recognized, he cited the considerable disciplinary record that the defendant has had while incarcerated as his principal reason for denying the motion. He did also add that there had been prior reductions, and in light of those as well, a reduction was not required. That's correct. That's what we're talking about, the prior reductions, and part of it was a mistake, the elimination of four points, right, based upon the earlier indictment. Yes, Your Honor. Correct. So that's the question. I mean, you know, just- That's not a reduction, right, those four points? I mean, he didn't reduce it. He got the right number to start with. The only reduction is the 3 to 2 on the role enhancement, right? There's the role enhancement and also the fact that he sentenced him to the middle of the guidelines range as opposed to the top of the guidelines range. But how is that a reduction? Isn't that an increase? I mean, if the middle of the range is the middle of the range, right? So it's 121 to 151, I think, was the range. That's correct, Your Honor. So isn't 135 an increase from the bottom of the range, just as much as it is a decrease from the top of the range? Well, I think- But why are we talking about it as a reduction? We could just as easily talk about it as an increase. I mean, that's the problem with calling it a reduction, it seems to me. It's certainly ambiguous, Your Honor. However, in the section where he's referencing early on in the order the reduction, the judge cites that the resulting guidelines range was 121 to 151 months and that he was sentenced to 135 months. Which is an increase from the bottom of the range. There's certainly an implication in the order that that's part of the consideration of what was a reduction. And then I think the significant reduction here was the fact that he was eligible for a three-level enhancement on the basis of being a manager or a supervisor of criminal activity involving five or more people, but that he was only given the two-level enhancement. Had he been- There's really an ambiguity, ultimately, at the end of the day. The district court could have been focused on that four-level reduction in connection with the Lancaster trip. And that needed to come out because the government had no evidence that he was involved in those narcotics. So it wouldn't be proper to think that the district court afforded him leniency in connection with that reduction. Either way, it's not clear from the record, and there's no evidence to support that that was the reduction, the four-level reduction that everyone agrees was a mistake, was the basis for not- So there's an ambiguity here. Correct. Right. So why not clear it up? Certainly, Your Honor, a Jacobson remand, we believe, would be appropriate in this case. However, in the cases that the appellant cites, specifically Payton, United States v. Payton, in that case there were several factors that the court had considered in giving a downward departure. And rather than just focusing on the clearly improper one, the court looked to all the factors that the court considered in granting the downward departure to determine if there was an alternate basis for that. It turned out that none of the factors were appropriate. In this case, we have the opposite situation where clearly the court considered the disciplinary record of the defendant as being the principal reason for denying the sentence reduction. Can I just say, is leniency in the earlier proceeding ever properly taken into account on one of these motions? Because as I understand it, by definition, the guidelines range has been lowered, and he's now subject to a lowered range, or he would have been subject to a lowered range, at his original sentencing if he had been given the effect of that change to the guidelines. So what difference does it make whether there was leniency afforded in the prior proceeding? That's not part of the 3553A calculus, is it? Well, at least the Fourth Circuit has determined that prior leniency is a 3553A factor pursuant to A1, which is the history and characteristics of the defendant. I don't think this court has had the opportunity to consider that, but at least one other circuit has determined that prior leniency or prior determinations as to the sentence are factored in under 3553A. And it's just the Fourth Circuit? Is that the only circuit that's weighed in on this? That's the only circuit we have identified in briefing this case, Your Honor. Under the guidelines as they currently would apply, is 135 at the top of the range? No, it's above the guidelines range. Above the guideline range? 97 to 121. That's correct. However, if he had been appropriately given the three-level enhancement, 135 months would be in the reduced range currently. But you can't, I mean, it wouldn't be right to say if it got remanded that you can rethink the fact that you didn't give him three levels, you only gave him a two-level enhancement. You wouldn't rethink that, right? Correct, Your Honor. However, we believe pursuant to the Fourth Circuit's case in Boney and other cases that it could be considered as part of the history and characteristic of the defendant as well as the criminal conduct. What would it hurt to send it back? He's going to be . . . he's been sentenced to 135 months, right? What's the downside of just letting Judge Johnson take another crack at this in light of this ambiguity that we're all talking about? What's the harm? He may well sentence him to the same sentence, but if he makes a better record and takes out any ambiguity, in other words, it doesn't mean that he's going to get a lower sentence. He might get 135. The harm to judicial efficiency would be minimal, Your Honor, which is why we would consent to a Jacobson remand. We have no objection to that for the purposes of the judge clarifying whether or not this four-level reduction that was really part of a mistake factored into his decision not to reduce the defendant's sentence. Also, whether Judge Johnson was thinking that 135 was a reduction. I have trouble with that. It's in the middle of the range. It's not really a reduction. It's just as much an increase as it is a reduction. If that's what he had in mind . . . You said that in your brief, that that's one of the reductions, quote-unquote reductions. It's not really a reduction, though. It's in the middle of the range, of the original range, that is. It is a little . . . It's not as if he gave him . . . If the original range was 121 to 151, he didn't give him 116 or 120. He gave him 135. 116 would be a reduction, but not 135. It's in the middle of the range. It is 16 months fewer than 151, which is at the top of the range, which is, of course, considerable time. And 14 months above the bottom of the range. That's the only question I have. If Your Honors have no further questions, we'll rest on our papers. Thank you. Just very briefly on the last series of questions that Judge Bricetti was asking. If, indeed, Judge Johnson had in mind that 135 represented a reduction from the top of the range, which I don't think he did have in mind, but if he did, I think that would involve a presumption in favor of a top-of-the-guideline sentence, which would be impermissible under RITA. So that would actually be a further error. If there are no further questions of me . . . Motion to resentence under 3582C is discretionary, which is true, right? You don't dispute that. The new range is not discretionary. The new range is 97-121, no question about that. But whether to give him a sentence within the new range is discretionary under 3582C, right? No, there might be reasons not to. It's discretionary whether to reduce the sentence at all, and if reduced, it must be within the new range. All right. So Judge Johnson said, Simpson has not submitted sufficient justification for upsetting the Court's previous balancing of factors outlined in Section 3553A. So one way to look at this is to say that Judge Johnson just thought 135 is the right sentence, period. That's the right sentence, regardless of reductions and new guideline ranges and anything else. But apparently one of the reasons he may have thought that is because of the four levels of reduction that was a correction. So that's the answer to that, I think. I mean, it could be that if he says, well, even without thinking of that, if he honestly feels that way, even if without considering those four levels, I would have still denied it for legitimate reasons, well, then there's other reasons. Even on remand, it still could be 135 if he clarifies some of these ambiguities.  I mean, you acknowledge that. Yes. It doesn't have to be in the 97-121. Yes. Thank you. Thank you both.